AETNA CASUALTY AND SURETY
COMPANY, Appellant,

v.

Joseph D. CASOLARO and Louis J.
Maciulla, Appellees.

No. 17253.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 21, 1963.

Decided Jan. 31, 1963.

Mr. John L. Laskey, Washington, D. C., with whom Messrs. Thomas S. Jackson and Robert M. Gray, Washington, D. C., were on the brief, for appellant.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, and DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

On May 20, 1953, Aetna Casualty and Surety Company issued to Dr. Casolaro a "Valuable Papers and Records Policy" covering 300 case histories of the agreed value of $83 each, without identifying them in any way, although Aetna knew Dr. Casolaro had more than that number of case histories. The policy was periodically renewed and on October 9, 1956, for an additional premium, coverage was increased to 400 case histories. In December, 1956, a claim for the loss of about 200 case histories was paid without question. Drs. Maciulla and Casolaro became partners and the policy was assigned to them as such on August 10, 1957. The policy here involved, a reissue dated May 20, 1959, recited the same coverage which had been in effect since the increase to 400 case histories.

In March, 1960, 357 case histories disappeared from the appellees' premises. Proof of loss was furnished but as Aetna Casualty did not pay, this suit was instituted. Aetna Casualty appeals from a judgment for $29,631 entered pursuant to the jury's verdict.

Aetna Casualty argues there was no meeting of minds as to the meaning of the expression "400 case histories" in the policy—the doctors had more than 5,000 such histories—and that therefore no valid insurance contract ever came into existence. It further contends the appellees failed to show the 357 case histories allegedly lost were in fact case histories insured by the policy.

Having writtten the original policy and the several renewals and having accepted the premiums thereon, Aetna Casualty cannot be heard to say the policy involved does not express an agreement reached by the parties or that it is not sufficiently specific to be a valid contract. We think it covered any 400 case histories which might be lost.

Affirmed.